1
2
3
4
5
6
7
8                     **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                         **WESTERN DIVISION**

11

12   SHARON A. PALMER,              )      No. CV 09-1171 CW
                                    )
13                 Plaintiff,       )      DECISION AND ORDER
             v.                     )
14                                  )
     MICHAEL J. ASTRUE,             )
15   Commissioner, Social Security  )
     Administration,                )
16                                  )
                   Defendant.       )
17   _____)

18

19       The parties have consented, under 28 U.S.C. § 636(c), to the

20   jurisdiction of the undersigned Magistrate Judge.  Plaintiff

21   seeks review of the Commissioner's denial of disability benefits.  The

22   court finds that judgment should be granted in favor of defendant,

23   affirming the Commissioner's decision.

24                    **I.   BACKGROUND**

25       Plaintiff Sharon A. Palmer was born on January 16, 1946, and was

26   sixty-three years old at the time of her administrative hearing.

27   [Administrative Record ("AR") 63, 324.]  She has one year of college

28   education and past relevant work as an apartment manager, legal

                                      1

assistant, and housekeeper. [AR 69, 72.] Plaintiff alleges disability
on the basis of depression, anxiety, back degeneration and right ankle
fracture. [AR 68.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on June 16, 2009, and filed on
June 24, 2009.  On October 23, 2009, defendant filed Plaintiff's
Administrative Record ("AR").  On January 12, 2010, the parties filed
their Joint Stipulation ("JS") identifying matters not in dispute,
issues in dispute, the positions of the parties, and the relief sought
by each party.  This matter has been taken under submission without
oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income ("SSI") on
February 22, 2007, alleging disability since January 15, 2003.  [JS
2.] After the application was denied initially and upon
reconsideration, Plaintiff requested an administrative hearing, which
was held on February 11, 2009, before Administrative Law Judge ("ALJ")
Michael Radensky.  [AR 324.]  Plaintiff appeared with counsel, and
testimony was taken from Plaintiff and vocational expert Troy Scott.
[Id.] The ALJ denied benefits on March 30, 2009.  [AR 11.]  When the
Appeals Council denied review on May 19, 2009, the ALJ's decision
became the Commissioner's final decision.  [AR 3.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the
Commissioner's decision to deny benefits.  The Commissioner's (or
ALJ's) findings and decision should be upheld if they are free of
legal error and supported by substantial evidence.  However, if the
court determines that a finding is based on legal error or is not

2

supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V.  DISCUSSION

### A.  THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial

3

gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

　　Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

　　Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

　　Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

　　Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

education, and work experience, a claimant can perform other work which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 22, 2007 (step one); that Plaintiff had "severe" impairments, namely mild back degeneration, history of right ankle fracture, and mood disorder (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 13.] Plaintiff was found to have an RFC for light work, except with a non-exertional limitation of no more than occasional public (face to face) contact. [AR 14.] The vocational expert testified that a person with Plaintiff's RFC could return to Plaintiff's past relevant work as a legal assistant (step four). [AR 19, 348.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [AR 20.]

**C.   PLAINTIFF'S PRESENT CLAIMS**

The parties' Joint Stipulation sets out the following disputed issues:

1.   Whether the ALJ properly considered the treating psychiatrist's and psychologist's opinion.

2.   Whether the ALJ properly considered the examining psychologist's opinion.

[JS 2.]

---

n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation. <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1     **D.    ISSUE ONE:  TREATING PSYCHIATRIST'S AND PSYCHOLOGIST'S**

2            **OPINION**

3          On August 19, 2008, Plaintiff began going to the Phoenix

4     Outpatient Clinic. [AR 308.]  Dr. Rene Roberg, Psy.D, completed an

5     Adult Clinical Assessment form of Plaintiff on that day. [AR 319.] He

6     noted that Plaintiff was disheveled with poor hygiene, that she seemed

7     depressed, that her thought process was slow, and that she had poor

8     insight and judgment. [AR 322.] On August 28, 2008, Dr. Han V. Nguyen,

9     M.D., completed an Adult Psychiatric evaluation of Plaintiff. [AR

10    318.] He checked off boxes indicating that Plaintiff had intrusive

11    behavior, rapid speech, a depressed mood, suicidal ideation, flight of

12    ideas, fair insight and judgment, and paranoia. [AR 318.] Dr. Nguyen

13    also indicated that Plaintiff had a global assessment of functioning

14    ("GAF") score of 48.[2] [Id.] After these initial assessments, Plaintiff

15    began seeing Dr. Gurmit Sekhon, M.D., with five appointments in the

16    record through January 28, 2009. [AR 311-316.]  On February 9, 2009,

17    Dr. Sekhon indicated in a letter to the Social Security Administration

18    that Plaintiff continued to be a patient of the Phoenix Outpatient

19    Clinic and opined that Plaintiff was "unable to work" and "continue[d]

20    to be eligible for SSI benefits." [AR 305.]

21         In the administrative decision, the ALJ made no explicit

22    reference to the assessments completed by Dr. Nguyen or Dr. Roberg,

23    but discussed Plaintiff's treatment at the Phoenix Outpatient Clinic

24

25         [2]  A GAF score represents a clinical evaluation of an
      individual's overall level of functioning.  A GAF score of 41 to 50
26    indicates "serious symptoms (e.g., suicidal ideation, severe
      obsessional rituals, frequent shoplifting) OR any serious impairment
27    in social, occupational or school functioning (e.g., no friends,
      unable to keep job)." DSM-IV, American Psychiatric Association,
28    (Washington, 1994).

1  as a whole and gave "limited probative weight" to Dr. Sekhon's

2  opinion. [AR 17-19.]  The ALJ made a finding that Plaintiff's

3  appointments with Dr. Sekhon "generally consisted of medication

4  management with no indication that treatment should be anymore

5  aggressive," which Plaintiff does not dispute.  [Id.]  The ALJ also

6  addressed the GAF score in conjunction with additional GAF scores in

7  the record, which ranged on the whole from 48 to 70,[3] and determined

8  that they were "of limited evidentiary value," revealing "only

9  snapshots of impaired and improved behavior." [AR 18.]  Plaintiff

10 asserts that the ALJ's findings constitute reversible error because

11 the ALJ failed to consider the assessments by Drs. Nguyen and Roberg

12 and did not provide specific and legitimate reasons for rejecting the

13 opinions of these treating doctors. [JS 4.]

14      The record indicates, however, that both the reports of Drs.

15 Nguyen and Roberg were assessments completed before Plaintiff began

16 seeing Dr. Sekhon at the Phoenix Clinic and did not necessarily

17 reflect the record as a whole with regard to Plaintiff's mental

18 impairments. [AR 17-19.]  The ALJ did evaluate the record on the

19 whole, including considering Dr. Sekhon's letter[4] and medical reports

20 from examining sources indicating Plaintiff could return to work,

21 found that Plaintiff was not entirely credible about her symptoms, and

22 noted consultative examinations and state agency assessments

23

24

25      [3]  A GAF score of 61 to 70 indicates "some mild symptoms (e.g.,
   depressed mood and mild insomnia) OR some difficulty in social,
   occupational, or school functioning (e.g., occasional truancy, or
26 theft within the household), but generally functioning pretty well,
   has some meaningful interpersonal relationships."

27

28      [4]  Plaintiff does not challenge the ALJ's evaluation of Dr.
   Sekhon's letter.

indicating Plaintiff did not have any significant functional

limitations. [AR 17-19, 137-190, 249-273, 282.] Under these

circumstances, the initial Phoenix Clinic evaluations were not

significant or probative evidence as to the issue of disability

independently.  Therefore, the ALJ's omission of a reference to this

evidence was not reversible error.  See <u>Vincent v. Heckler</u>, 739 F.2d

1393, 1395 (9th Cir. 1984)(ALJ need not discuss all evidence presented

if it is not significant or probative).

     **E.**    **THE EXAMINING PSYCHOLOGIST'S OPINION**

On May 15, 2006, Dr. Raymond J. Coffin, Psy.D., performed a

psychological assessment of Plaintiff. [AR 170-179.]  A comprehensive

psychiatric evaluation was then created by Dr. Perry Maloff, M.D, the

head doctor, in conjunction with Dr. Coffin on July 14, 2006. [AR 140-

168.]  This report detailed Plaintiff's mental history and her current

mental limitations. [<u>Id.</u>] The Plaintiff asserts that the ALJ failed to

address the assessment of Dr. Coffin and that this constitutes

reversible error.  However, the ALJ discussed the report by Dr.

Maloff, which incorporated the findings and results of Dr. Coffin's

assessment and was created by Dr. Maloff in conjunction with Dr.

Coffin. [AR 17-19, 157-57.]  The ALJ noted that in this report, Dr.

Maloff opined that Plaintiff's condition should "stabilize in the next

several months" and that she should be "encouraged to return to some

type of gainful employment in the near future." [AR 19, 167-168.]  The

ALJ factored this opinion into his assessment of Plaintiff's RFC. [AR

19.] Accordingly, Issue Two is without merit.

//

//

//

1

## VI.  ORDERS

2      Accordingly, **IT IS ORDERED** that:

3      1.    The decision of the Commissioner is **AFFIRMED**.

4      2.    This action is **DISMISSED WITH PREJUDICE.**

5      3.    The Clerk of the Court shall serve this Decision and Order

6 and the Judgment herein on all parties or counsel.

7

8 DATED: July 26, 2010

9                                            _Carla M. Woehrle_

10                                    _____
                                       CARLA M. WOEHRLE
                                       United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9